FILED
APR - 1 2010
CLERK, US DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 2:10cr 43 |
| v. | ) ) ) | 18 U.S.C. § 1343 |
| WILLIAM D. TIMBERLAKE, | ) ) | Wire Fraud |
| Defendant. | ) | Forfeiture |

## CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

During the period from in or about August 2005 through May 2006, in the Eastern District of Virginia, WILLIAM D. TIMBERLAKE, the defendant, did devise and intend to devise a scheme and artifice to defraud Fremont Investment & Loan, Option One Mortgage Corporation, First National Bank of Arizona and Baltimore American Mortgage Corporation, and for obtaining money from said lenders by means of materially false and fraudulent pretenses, representations and promises, which scheme and artifice, and the execution thereof, were in substance as follows:

1. At all material times, WILLIAM D. TIMBERLAKE, the defendant, was an attorney licensed in Virginia with offices located in Virginia Beach, Virginia.

2. The defendant acted as a settlement agent in connection with the closing of residential real estate loans on the following properties:

   892 Los Colonis Drive, Virginia Beach, Virginia

   2820 Vincent Avenue, Norfolk, Virginia

   3020 Guenevere Drive, Chesapeake, Virginia

   3929 Sunstream Parkway, Virginia Beach, Virginia

   333 Syms Street, Hampton, Virginia

   534 Windward Drive, Chesapeake, Virginia

   320 Redbrick Drive, Chesapeake, Virginia

 3. The object of the scheme and artifice devised and executed by the defendant was to obtain financing from Fremont Investment & Loan, Option One Mortgage Corporation, First National Bank of Arizona and Baltimore American Mortgage Corporation to fund the closings on the aforesaid properties, on the basis of HUD-1 Settlement Statements prepared and submitted by the defendant which, as the defendant well knew, did not accurately reflect receipts and disbursement of funds.

 4. It was a part of said scheme and artifice to defraud that in connection with the closing on the property located at 892 Los Colonis Drive, Virginia Beach, Virginia on September 1, 2005, the defendant knowingly violated the closing instructions of the lender, Fremont Investment & Loan, by concealing an agreement that the buyer would receive a portion of the seller's proceeds. The defendant prepared and submitted to said lender a HUD-1 Settlement Statement which did not accurately reflect the amount of proceeds due to the seller or that the defendant intended to disburse a portion of the seller's proceeds to the buyer. In fact, the defendant disbursed to the buyer the approximate amount of $35,166.43 from his real estate escrow account, which according to the HUD-1 Settlement Statement should have been disbursed to the seller.

 5. It was a further part of said scheme and artifice to defraud that in connection with the closing on the property located at 2820 Vincent Avenue, Norfolk, Virginia on September 16,

2005, the defendant knowingly violated the closing instructions of the lender, Fremont Investment & Loan, by concealing an agreement that the buyer would receive a portion of the seller's proceeds. The defendant prepared and submitted to said lender a HUD-1 Settlement Statement which did not accurately reflect the amount of proceeds due to the seller or that the defendant intended to disburse a portion of the seller's proceeds to the buyer. In fact, the defendant disbursed to the buyer the approximate amount of $30,000.01 from his real estate escrow account, which according to the HUD-1 Settlement Statement should have been disbursed to the seller.

6. It was a further part of said scheme and artifice to defraud that in connection with the closing on the property located at 3020 Guenevere Drive, Chesapeake, Virginia on September 22, 2005, the defendant knowingly violated the closing instructions of the lender, Fremont Investment & Loan, by concealing an agreement that the buyer would receive a portion of the seller's proceeds. The defendant prepared and submitted to said lender a HUD-1 Settlement Statement which did not accurately reflect the amount of proceeds due to the seller or that the defendant intended to disburse a portion of the seller's proceeds to the buyer. In fact, the defendant disbursed to the buyer the approximate amount of $35,733.74 from his real estate escrow account, which according to the HUD-1 Settlement Statement should have been disbursed to the seller.

7. It was a further part of said scheme and artifice to defraud that in connection with the closing on the property located at 3929 Sunstream Parkway, Virginia Beach, Virginia on November 8, 2005, the defendant knowingly violated the closing instructions of the lender, Option One Mortgage Corporation, by concealing an agreement that the buyer would receive a

portion of the seller's proceeds. The defendant prepared and submitted to said lender a HUD-1 Settlement Statement which did not accurately reflect the amount of proceeds due to the seller or that the defendant intended to disburse a portion of the seller's proceeds to the buyer. In fact, the defendant disbursed to the buyer the approximate amount of $37,000.00 from his real estate escrow account, which according to the HUD-1 Settlement Statement should have been disbursed to the seller.

    8. It was a further part of said scheme and artifice to defraud that in connection with the closing on the property located at 333 Syms Street, Hampton, Virginia on February 21, 2006, the defendant knowingly violated the closing instructions of the lender, Fremont Investment & Loan, by concealing an agreement that the buyer would receive a portion of the seller's proceeds. The defendant prepared and submitted to said lender a HUD-1 Settlement Statement which did not accurately reflect the amount of proceeds due to the seller or that the defendant intended to disburse a portion of the seller's proceeds to the buyer. In fact, the defendant disbursed to the buyer the approximate amount of $5,036.87 from his real estate escrow account, which according to the HUD-1 Settlement Statement should have been disbursed to the seller.

    In addition, the defendant also violated the lender's instructions by using $24,783.13 of his own personal funds to pay closing costs, which according to the HUD-1 Settlement Statement should have been paid by the buyer. The defendant subsequently received reimbursement of that amount from funds listed on the HUD-1 Settlement Statement as proceeds due to the seller.

    9. It was a further part of said scheme and artifice to defraud that in connection with the closing on the property located at 534 Windward Drive, Chesapeake, Virginia on February 23, 2006, the defendant knowingly violated the closing instructions of the lender, First National

Bank of Arizona, by concealing an agreement that the buyer would receive a portion of the seller's proceeds. The defendant prepared and submitted to said lender a HUD-1 Settlement Statement which did not accurately reflect the amount of proceeds due to the seller or that the defendant intended to disburse a portion of the seller's proceeds to the buyer. In fact, the defendant disbursed to the buyer the approximate amount of $8,603.88 from his real estate escrow account, which according to the HUD-1 Settlement Statement should have been disbursed to the seller.

In addition, the defendant also violated the lender's instructions by using $11,786.12 of his own personal funds to pay closing costs, which according to the HUD-1 Settlement Statement should have been paid by the buyer. The defendant subsequently received reimbursement of that amount from funds listed on the HUD-1 Settlement Statement as proceeds due to the seller.

10. It was a further part of said scheme and artifice to defraud that in connection with the closing on the property located at 320 Redbrick Drive, Chesapeake, Virginia on May 19, 2006, the defendant knowingly violated the closing instructions of the lender, Baltimore American Mortgage Corporation, by disbursing funds without first receiving closing costs from the buyer as listed on the HUD-1 Settlement Statement. The defendant knew that the buyer listed on the HUD-1 Settlement Statement was a straw purchaser who would not pay the closing costs. Approximately four days after the closing, the defendant knowingly received closing costs in the amount of $16,341.48 from a third-party whose identity was concealed from the lender.

11. In reliance on the HUD-1 Settlement Statements which the defendant knew did not accurately reflect receipts and disbursements of funds, the above-referenced lenders made loans totaling approximately $2,238,650.00. The notes on said loans were subsequently purchased by other companies who sustained losses when the loans on five of the seven properties went into default and were sold at foreclosure. As a result, the following losses were sustained:

Litton Loan Servicing – $134,043.23

Banco Popular N.A. – $157,461.15

HomEq Servicing – $26,347.36

LCS Financial – $28,400.00

Wilshire Credit Corporation – $130,199.92

Saxson Mortgage Services – $105,406.07

Ocwen Loan Servicing – $47,227.02

12. On or about May 19, 2006, in the Eastern District of Virginia, for the purpose of executing the aforesaid scheme and artifice, WILLIAM D. TIMBERLAKE did cause to be transmitted by means of wire communication in interstate commerce, certain signs, signals, pictures and sounds, that is, a wire transfer of loan closing funds in the amount of $254,716.37 from Baltimore American Mortgage Corporation in Hanover, Maryland, to TowneBank in Suffolk, Virginia.

(In violation of Title 18, United States Code, Section 1343.)

## FORFEITURE

The defendant, WILLIAM D. TIMBERLAKE, if convicted of the offense set forth in this criminal information, shall, as part of the sentencing of the defendant pursuant to Rule 32.2 of

the Federal Rules of Criminal Procedure, forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to said violation.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant shall forfeit substitute property, up to the value of the property subject to forfeiture as described above, if, as a result of any act or omission of the defendant, any such property subject to forfeiture cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(In accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. §982(a)(2)(A).)

Neil H. MacBride
United States Attorney

By: *Alan M. Salsbury* (signature)
Alan M. Salsbury
Assistant United States Attorney
Virginia State Bar No. 15682
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Tel. - 757-441-6350
Fax - 757-441-6689
Email - alan.salsbury@usdoj.gov