IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
IN OPEN COURT

MAY 17 2010

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 2:10cr43 |
| v. ) | |
| ) | |
| WILLIAM D. TIMBERLAKE, ) | |
| ) | |
| Defendant. ) | |

## STATEMENT OF FACTS

If this case were to proceed to trial, the evidence presented by the United States would establish the following beyond a reasonable doubt:

1. At all material times, WILLIAM D. TIMBERLAKE, the defendant, was an attorney licensed in Virginia with offices located in Virginia Beach, Virginia.

2. The defendant acted as a settlement agent in connection with the closing of residential real estate loans on the following properties:

    892 Los Colonis Drive, Virginia Beach, Virginia

    2820 Vincent Avenue, Norfolk, Virginia

    3020 Guenevere Drive, Chesapeake, Virginia

    3929 Sunstream Parkway, Virginia Beach, Virginia

    333 Syms Street, Hampton, Virginia

    534 Windward Drive, Chesapeake, Virginia

    320 Redbrick Drive, Chesapeake, Virginia

3. The defendant devised and executed a fraudulent scheme and artifice to obtain financing from Fremont Investment & Loan, Option One Mortgage Corporation, First National Bank of Arizona and Baltimore American Mortgage Corporation to fund the closings on the



aforesaid properties, on the basis of HUD-1 Settlement Statements prepared and submitted by the defendant which, as the defendant well knew, did not accurately reflect receipts and disbursement of funds.

4. It was a part of said scheme and artifice to defraud that in connection with the closing on the property located at 892 Los Colonis Drive, Virginia Beach, Virginia on September 1, 2005, the defendant knowingly violated the closing instructions of the lender, Fremont Investment & Loan, by concealing an agreement that the buyer would receive a portion of the seller's proceeds. The defendant prepared and submitted to said lender a HUD-1 Settlement Statement which did not accurately reflect the amount of proceeds due to the seller or that the defendant intended to disburse a portion of the seller's proceeds to the buyer. In fact, the defendant disbursed to the buyer the approximate amount of $35,166.43 from his real estate escrow account, which according to the HUD-1 Settlement Statement should have been disbursed to the seller.

5. It was a further part of said scheme and artifice to defraud that in connection with the closing on the property located at 2820 Vincent Avenue, Norfolk, Virginia on September 16, 2005, the defendant knowingly violated the closing instructions of the lender, Fremont Investment & Loan, by concealing an agreement that the buyer would receive a portion of the seller's proceeds. The defendant prepared and submitted to said lender a HUD-1 Settlement Statement which did not accurately reflect the amount of proceeds due to the seller or that the defendant intended to disburse a portion of the seller's proceeds to the buyer. In fact, the defendant disbursed to the buyer the approximate amount of $30,000.01 from his real estate



escrow account, which according to the HUD-1 Settlement Statement should have been disbursed to the seller.

6. It was a further part of said scheme and artifice to defraud that in connection with the closing on the property located at 3020 Guenevere Drive, Chesapeake, Virginia on September 22, 2005, the defendant knowingly violated the closing instructions of the lender, Fremont Investment & Loan, by concealing an agreement that the buyer would receive a portion of the seller's proceeds. The defendant prepared and submitted to said lender a HUD-1 Settlement Statement which did not accurately reflect the amount of proceeds due to the seller or that the defendant intended to disburse a portion of the seller's proceeds to the buyer. In fact, the defendant disbursed to the buyer the approximate amount of $35,733.74 from his real estate escrow account, which according to the HUD-1 Settlement Statement should have been disbursed to the seller.

7. It was a further part of said scheme and artifice to defraud that in connection with the closing on the property located at 3929 Sunstream Parkway, Virginia Beach, Virginia on November 8, 2005, the defendant knowingly violated the closing instructions of the lender, Option One Mortgage Corporation, by concealing an agreement that the buyer would receive a portion of the seller's proceeds. The defendant prepared and submitted to said lender a HUD-1 Settlement Statement which did not accurately reflect the amount of proceeds due to the seller or that the defendant intended to disburse a portion of the seller's proceeds to the buyer. In fact, the defendant disbursed to the buyer the approximate amount of $37,000.00 from his real estate escrow account, which according to the HUD-1 Settlement Statement should have been disbursed to the seller.



8. It was a further part of said scheme and artifice to defraud that in connection with the closing on the property located at 333 Syms Street, Hampton, Virginia on February 21, 2006, the defendant knowingly violated the closing instructions of the lender, Fremont Investment & Loan, by concealing an agreement that the buyer would receive a portion of the seller's proceeds. The defendant prepared and submitted to said lender a HUD-1 Settlement Statement which did not accurately reflect the amount of proceeds due to the seller or that the defendant intended to disburse a portion of the seller's proceeds to the buyer. In fact, the defendant disbursed to the buyer the approximate amount of $5,036.87 from his real estate escrow account, which according to the HUD-1 Settlement Statement should have been disbursed to the seller.

In addition, the defendant also violated the lender's instructions by using $24,783.13 of his own personal funds to pay closing costs, which according to the HUD-1 Settlement Statement should have been paid by the buyer. The defendant subsequently received reimbursement of that amount from funds listed on the HUD-1 Settlement Statement as proceeds due to the seller.

9. It was a further part of said scheme and artifice to defraud that in connection with the closing on the property located at 534 Windward Drive, Chesapeake, Virginia on February 23, 2006, the defendant knowingly violated the closing instructions of the lender, First National Bank of Arizona, by concealing an agreement that the buyer would receive a portion of the seller's proceeds. The defendant prepared and submitted to said lender a HUD-1 Settlement Statement which did not accurately reflect the amount of proceeds due to the seller or that the defendant intended to disburse a portion of the seller's proceeds to the buyer. In fact, the defendant disbursed to the buyer the approximate amount of $8,603.88 from his real estate



escrow account, which according to the HUD-1 Settlement Statement should have been disbursed to the seller.

In addition, the defendant also violated the lender's instructions by using $11,786.12 of his own personal funds to pay closing costs, which according to the HUD-1 Settlement Statement should have been paid by the buyer. The defendant subsequently received reimbursement of that amount from funds listed on the HUD-1 Settlement Statement as proceeds due to the seller.

10. It was a further part of said scheme and artifice to defraud that in connection with the closing on the property located at 320 Redbrick Drive, Chesapeake, Virginia on May 19, 2006, the defendant knowingly violated the closing instructions of the lender, Baltimore American Mortgage Corporation, by disbursing funds without first receiving closing costs from the buyer as listed on the HUD-1 Settlement Statement. The defendant knew that the buyer listed on the HUD-1 Settlement Statement was a straw purchaser who would not pay the closing costs. Approximately four days after the closing, the defendant knowingly received closing costs in the amount of $16,341.48 from a third-party whose identity was concealed from the lender.

11. In reliance on the HUD-1 Settlement Statements which the defendant knew did not accurately reflect receipts and disbursements of funds, the above-referenced lenders made loans totaling approximately $2,238,650.00. The notes on said loans were subsequently purchased by other companies who sustained losses when the loans on five of the seven properties went into default and were sold at foreclosure. As a result, the following losses were sustained:

        Litton Loan Servicing – $134,043.23

        Banco Popular N.A. – $157,461.15

        HomEq Servicing – $26,347.36



        LCS Financial – $28,400.00

        Wilshire Credit Corporation – $130,199.92

        Saxson Mortgage Services – $105,406.07

        Ocwen Loan Servicing – $47,227.02

12. On or about May 19, 2006, in the Eastern District of Virginia, loan closing funds in the amount of $254,716.37 were wire transferred from Baltimore American Mortgage Corporation in Hanover, Maryland, to the defendant's real estate escrow account at TowneBank in Suffolk, Virginia.

        Neil H. MacBride
        United States Attorney

By: _____
        Alan M. Salsbury
        Assistant United States Attorney

I hereby stipulate that the above Statement of Facts is true and accurate, and that if this case had proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
William D. Timberlake

I have reviewed the above Statement of Facts with William D. Timberlake and his decision to stipulate to the accuracy of these facts is an informed and voluntary one.

_____
Franklin A. Swartz
Counsel for the defendant

